**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **STELLA ANJENKENG FONKENG**, <br><br> Petitioner, <br><br> v. <br><br> **ERIC H. HOLDER, JR., Attorney General**, <br><br> Respondent. | No. 10-71425 <br><br> Agency No. A097-854-014 <br><br> **MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2014
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **GRABER**, Circuit Judge, and **BREYER**, Senior District Judge.[**]

**1.** The BIA properly dismissed Petitioner Stella Fonkeng's appeal from the

IJ's decision denying her asylum and withholding of removal on the basis of an

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Charles R. Breyer, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

adverse credibility determination. <u>See</u> <u>Jie Cui</u> v. <u>Holder</u>, 712 F.3d 1332, 1338 (9th Cir. 2013). The IJ and BIA found that Fonkeng lacked credibility, not because she lied about her visa and means of travel, but because the inconsistencies directly related to her motive for coming to the U.S. <u>Singh</u> v. <u>Gonzales</u>, 439 F.3d 1100, 1108 (9th Cir. 2006).

2. Neither the IJ nor the BIA failed to analyze separately Fonkeng's Convention Against Torture claim. <u>Farah</u> v. <u>Ashcroft</u>, 348 F.3d 1153, 1156–57 (9th Cir. 2003). The IJ and BIA reviewed the extrinsic evidence of alleged past torture against Fonkeng, including the country reports and photographs of Fonkeng's scars. They properly concluded that the evidence didn't "suffice to demonstrate that <u>she</u> is more likely than not to be tortured if returned to Cameroon."

**PETITION DENIED.**